SANDURA COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104015. Promulgated October 28, 1941.

*Fred L. Rosenbloom, Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

## OPINION.

Van Fossan: The sole question before the Board is whether petitioner is entitled in each of the years 1936 and 1937 to a credit under section 26 (c) (2) of the Revenue Act of 1936.[1]

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

 * * * * *

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

 * * * * *

(2) DISPOSITION OF PROFITS OF TAXABLE YEAR.—An amount equal to the portion of the earnings and profits of the taxable year which is required (by a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt; to the extent that such amount has been so paid or set aside. For the purposes of this paragraph, a requirement to pay or set aside an amount equal to a percentage of earnings and profits shall be considered a requirement to pay or set aside such percentage of earnings and profits. As used in this paragraph the word "debt" does not include a debt incurred after April 30, 1936.

The several conditions of the statute must be concurrently met. The amount must be paid within the taxable year in discharge of a debt as required by a contract antedating May 1, 1936, expressly dealing with the disposition of current earnings and profits; or it must be irrevocably set aside within the taxable year for the discharge of a debt pursuant to a contract of similar tenor. In our opinion the facts before us fail to bring petitioner within either of the above situations.

On brief petitioner concedes that the provisions of the promissory notes do not meet the statutory requirement that there be a "provision [which] expressly deals with the disposition of earnings and profits of the taxable year." It contends that that lack is satisfied by the exchange of letters between the parties. Inasmuch as the exchange of letters took place after May 1, 1936, the letters can not themselves constitute a contract for purposes of section 26 (c) (2). They could only be used as parol evidence to show that the parties intended the notes to be paid out of earnings for the current year. But the introduction of parol evidence to show the intent of the parties that the payments should be out of current earnings does not meet the statutory requirement that the contract *expressly* deal with the disposition of earnings and profits for the taxable year. *Helvering* v. *Moloney Electric Co.*, 120 Fed. (2d) 617. The contract here in question thus fails to meet the statutory test. The finding of such a contract is a requisite to either of the two situations entitling a taxpayer to credit.

Petitioner also argues that the introduction of parol evidence is proper in this case because the contract is ambiguous. The ambiguity is said to arise from the sentence in the notes which reads as follows:

* * * The Corporation agrees that, so long as any notes of this issue are outstanding, it will in each year set aside an amount equivalent to 50% of the net earnings of the Corporation for that year after deduction of current maturities of these notes and the dividends for that year on outstanding Preferred Stock, and that it will apply such amount, in multiples of $5,000. plus interest, to the payment by way of anticipation of later maturities of these notes and interest thereon, any portion of such amount not so applied to be held and added to such sum as may become available in the succeeding years for such payments by way of anticipation.

No claim for credit is made upon the basis of the sentence quoted above. It is stipulated that no amounts were irrevocably set aside during 1936 or 1937 by way of anticipation of later maturities which is what the quoted sentence deals with. That sentence is not concerned with the payment, or setting aside funds for the payment, of current maturities, which is the basis of petitioner's claim for credit in the case at bar.

Petitioner contends, however, that the fact that it is specified that payments by way of anticipation of later maturities are to be

out of current earnings while it is not specified from what source payments of current maturities are to be made, constitutes an ambiguity which may be resolved by showing the intent of the parties. We do not agree that the difference in treatment makes the note ambiguous so as to require explanation. The claim of ambiguity must fail.

It is claimed also that the payment of $40,000 on January 29, 1937, entitles petitioner to the credit in question for 1936, it being contended the amount was irrevocably set aside in that year. We have found that the contract in question does not meet the statute. There is, moreover, no stipulation of fact nor evidence that the $40,000 was irrevocably set aside in 1936 for the payment of notes maturing in 1937. We do not know the source of the payments.

The same observations apply as to the payment of $40,000 in 1938. There is no statutory contract nor is it stipulated that there was an irrevocable setting aside in the taxable year 1937. We know only that the sum of $40,000 was paid in 1938. We do not know its source or antecedent history. The statute is not satisfied.

Reviewed by the Board.

*Decision will be entered for the respondent.*

LEECH concurs only in the result.